NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

CALICO BRAND, INC.,
AND HONSON MARKETING GROUP, INC.,
*Plaintiffs-Appellants,*

v.

AMERITEK IMPORTS, INC.,
*Defendant,*

AND

ACME INTERNATIONAL ENTERPRISES, INC.,
*Defendant-Cross Appelant.*

2008-1324, -1341

Appeals from the United States District Court for the Central District of California in No. 05-CV-0205, Judge Patrick J. Walsh.

ON PETITION FOR REHEARING

O R D E R

Before DYK, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Rehearing is granted for the limited purpose of clarifying the court's opinion with respect to damages imposed on Acme International Enterprises, Inc. ("Acme").

At the district court, the jury returned a verdict finding that plaintiffs Calico Brand, Inc. and Honson Marketing Group, Inc. (collectively, "Calico") were entitled to lost profits from Ameritek Imports, Inc. ("Ameritek") in the amount of $719,395 and from Acme in the amount of $178,035. J.A. 22. The jury also determined that Ameritek was liable for a reasonable royalty in the amount of $113,471, and that Acme was liable for a reasonable royalty in the amount of $23,250. *Id.* The district court awarded damages only for lost profits and entered a final judgment consistent with the jury's apportionment of its lost profits award indicating that the judgment was "joint and several." J.A. 1-2.

On appeal, we vacated the award of lost profits and reinstated the jury's reasonable royalty award of $113,471 and stated that liability was "joint and several." *See Calico Brand, Inc. v. Ameritek Imports, Inc.*, Nos. 2008-1324, -1341, --- Fed. Appx. ---, 2013 WL 3746163, at *9 (Fed. Cir. Jul. 18, 2013) (nonprecedential). We further stated that if either Ameritek or Acme was unable to satisfy its respective obligation, the co-defendant would be liable for the remaining balance. *Id.* at *4.

Acme filed a Petition for Rehearing and requested clarification of this court's reinstatement of the reasonable royalty award. Among other arguments, Acme points out that the jury found Acme liable for reasonable royalty damages associated only with its own sales of Ameritek lighters.

It is clear that, regardless of what the district court meant by "joint and several" liability, the district court

accepted the jury's apportionment of damages and did not make Acme liable for the full amount assessed by the jury against Ameritek. Stated differently, the district court judgment limited liability for each defendant up to the amount established by the jury. In this regard, the district court stated as follows:

> This judgment is joint and several, meaning in this case that the total judgment is for $719,395. Should Defendant Ameritek pay Plaintiffs that amount, Defendant ACME would not be required to pay anything. Likewise, should Defendant ACME pay Plaintiffs $178,035 (or any portion thereof) Defendant Ameritek will receive credit for that amount and only be required to pay the remaining balance (e.g., $719,395 - $178,035 = $541,360).

J.A. 1-2.

While the district court did not render a determination of joint and several liability with respect to reasonable royalties, by accepting the jury's apportionment of damages for reasonable royalties, we arrive at the same conclusion the district court reached in connection with lost profits; that Acme is liable only for the amount determined by the jury. Consequently, we clarify that Acme is liable only for $23,250 in reasonable royalties.

Accordingly, the Petition for Rehearing filed by Acme is granted for purposes of the clarification of damages as set forth above. In all other respects, the Petition for Rehearing is denied.

August 21, 2013